ON MOTION TO ENFORCE MANDATE
PER CURIAM.
We previously reversed a final judgment in this cause, Fla.App., 380 So.2d 522, allowing the appellee wife rehabilitative alimony. We held that the wife was not entitled to any type of alimony. Appellant then moved in the trial court to vacate the rehabilitative alimony provision contained in the final judgment. He also sought restitution for the alimony paid pending the appeal as fixed by the trial court pursuant to Florida Rule of Appellate Procedure 9.600(c). The trial court denied the motion to vacate the subject portion of the final judgment and also refused to award appellant restitution, since it felt appellee was entitled to alimony of some sort if not rehabilitative alimony. The trial court has not entered an order vacating the alimony portion of the final judgment.
We have for consideration now appellant’s motion to (a) enforce the mandate and (b) require restitution.
In our judgment appellant is not entitled to restitution. Alimony paid pendente lite is not recoverable by the person paying same even if the award is eventually found to be erroneous. Pendente lite payments of alimony are to sustain the party while the litigation ensues, otherwise the needy party could not participate. No authority for restitution of those payments had been cited, and we hold they are not recoverable. While it would be perfectly appropriate for the trial court to enter an order vacating the portion of the final judgment providing for rehabilitative alimony, such an order is not necessary, since our opinion reversing has effectively eliminated that provision from the judgment.
Accordingly, the motion to enforce the mandate is denied without prejudice to renew said motion upon entry of any further orders inconsistent with our decision.
DOWNEY and MOORE, JJ., concur.
ANSTEAD, J., concurs specially with opinion.