PER CURIAM.
Appellant appeals the trial court’s order granting the defendant’s petition for writ of habeas corpus. We reverse.
On June 30, 1989, a deputy of the State of Michigan swore out a felony complaint before a district court judge of the State of Michigan. Based on the complaint, the judge made a finding of probable cause and issued a warrant for the arrest of the defendant. Based on said warrant, the defendant was arrested in Dade County, Florida. Thereafter, the governor of the State of Michigan demanded from the governor of the State of Florida that the defendant be delivered to agents of the State of Michigan. The governor of the State of Florida signed the rendition warrant of arrest for the defendant. The rendition warrant recognized that the executive authority of the State of Michigan had filed with the governor of the State of Florida a demand for the defendant. This demand was supported by the “Complaint, warrant and supporting documents,” which were certified as authentic. The defendant was arrested by the Metro Dade Police Department pursuant to the rendition warrant issued by the governor of the State of Florida. The defendant filed a petition for writ of habe-as corpus.
The trial court granted the petition for writ of habeas corpus because it found that the affidavit upon which the warrant was issued had not been duly authenticated by the executive authority of the demanding state as required by section 941.03, Florida Statutes (1987). Section 941.03, Florida Statutes (1987), requires that the demand for extradition must be accompanied by an authenticated “copy of a warrant supported by an affidavit made before a committing magistrate of the demanding state.” The affidavit that the trial court refers to is dated August, 1989. As the appellant properly points out, the affidavit dated August, 1989 could not have been the affidavit upon which the warrant was issued since the warrant was issued on June 30, 1989. Thus, the trial court erred in holding that the demand for extradition was defective because the executive authority of the demanding state did not authenticate the August, 1989 affidavit.
As stated above, section 941.03 does require that the affidavit upon which the warrant was issued be duly authenticated. However, in the present case, the warrant that was issued on June 30, 1989, was supported by a complaint which was sworn to before a district court judge of the State of Michigan. We find that the complaint in the present case satisfies the “affidavit” requirement of section 941.03. “Affidavit” is defined as a “written or printed declaration or statement of facts, made voluntarily, and confirmed by oath....” Black’s Law Dictionary 54 (5th ed. 1979). “Complaint” is defined as “a written statement of the essential facts constituting the offense charged. It shall be made under oath before a magistrate.” Black’s Law Dictionary 258 (5th ed. 1979). Basically, an *250 affidavit is a statement of facts made under oath. A complaint complies with the basic requirements of an affidavit in that it is also a statement of facts made under oath. Thus, when the governor of Michigan, in his demand, certified as authentic the “Complaint, warrant and supporting documents,” section 941.03, Florida Statutes (1987), was satisfied. See also Olson v. Thurston, 393 A.2d 1320 (Me.1978); Langley v. Hayward, 656 P.2d 1020 (Utah 1982).
The defendant contends that the trial court erred in finding that the demand, as required pursuant to section 941.03, Florida Statutes (1987), alleged that the defendant was in the demanding state at the time the crime was committed. We disagree. The demand by the governor of the State of Michigan stated that “it has been represented to and satisfactorily shown to me that the accused was present in the State of Michigan at the time of the commission of said crime and thereafter fled from justice.... ” In Doster v. Mims, 444 So.2d 1153 (Fla. 2d DCA 1984), a practically identical statement has been held to satisfy the requirement of section 941.03, Florida Statutes.
Additionally, the defendant argues that the trial court erred in not allowing him to challenge the finding of probable cause made by the district court judge of the State of Michigan. We disagree. The United States Supreme Court held that “once the governor of the asylum state has acted on a requisition for extradition based on the demanding state’s judicial determination that probable cause existed, no further judicial inquiry may be had on that issue in the asylum state.” Michigan v. Doran, 439 U.S. 282, 290, 99 S.Ct. 530, 58 L.Ed.2d 521 (1978).
Finally, the defendant contends that the trial court erred in finding that the rendition warrant, as required pursuant to Section 941.07, Florida Statutes (1987), recited sufficient facts to show that an extraditable crime had been committed in the demanding state. The rendition warrant states that the defendant stands charged under Michigan law with the crime of Delivery of More than 650 Grams of Controlled Substance Cocaine. We find that the rendition warrant clearly states that an extraditable crime was committed in the demanding state.
Accordingly, the trial court’s order granting the petition for writ of habeas corpus is reversed and the cause is remanded with directions that the defendant be delivered to agents of the State of Michigan.