POLEN, Judge.
Appellant, The Staff Fund, Inc., brings this appeal from a final order dismissing its third amended complaint with prejudice as to appellee, Alexander & Alexander, Inc., a Maryland corporation [hereinafter A & A, Maryland], on the basis of lack of personal jurisdiction. We reverse and remand with directions that the trial court conduct an evidentiary hearing in light of the parties’ conflicting affidavits.
In its third amended complaint The Staff Fund asserted seven counts against A & A, Maryland, and Alexander & Alexander, Inc., a Florida corporation [hereinafter A & A of Florida], in connection with The Staff Fund’s procurement of reinsurance coverage. The Staff Fund alleged, inter alia,
4. The defendant, Alexander & Alexander, Inc. (A & A, Inc.) is a Maryland corporation. A & A, Inc. owned and controlled A & A of Florida and employed J. Wesley Mills. Through its agents and/or employees, A & A, Inc. committed a tort 'within this state.
The Staff Fund alleged that Mills was an insurance agent and/or broker employed by A & A, Maryland, and at all times acted within the course and scope of his employment. The Staff Fund asserted a cause of action against A & A, Maryland, for fraud, alleging that A & A, Maryland, made material misrepresentations and omissions to The Staff Fund through Mills.
The trial court deemed previously filed motions to dismiss responsive to the third amended complaint. In these motions, A & A, Maryland, alleged that the allegations of the complaint were insufficient to invoke Florida’s long-arm statute and to satisfy due process requirements. Attached to one of these motions was the affidavit of Alice Russell, Assistant Vice President and Assistant Secretary of A & A, Maryland. Russell testified that: (1) A & A, Maryland, did not maintain business offices and employees in the state of Florida; (2) A & A, Maryland, did not participate in the placement of reinsurance for The Staff Fund; (3) A & A, Maryland, never had any contact or relationship with The Staff Fund; and (4) J. Wesley Mills was an employee of A & A, Maryland, but was physically located in the state of Georgia.
The Staff Fund opposed the motions to dismiss, arguing that its complaint alleged that A & A, Maryland, committed torts in Florida. The Staff Fund attached the affidavit of Donald G. Korman, Administrator of The Staff Fund, who attested to the fact that during the reinsurance process, Kor-man met with Mills in Korman’s office in Florida and had other conversations with Mills both in Florida and Georgia. The Staff Fund submitted a second affidavit of Korman attesting to the fact that Korman met with Mills in Florida on at least two occasions, and probably three, during the reinsurance process. Without conducting an evidentiary hearing, the trial court granted the motion to dismiss and entered a final order dismissing The Staff Fund’s complaint as to A & A, Maryland.
*217 The instant case is procedurally similar to Venetian Salami Co. v. Parthenais, 554 So.2d 499 (Fla.1989). As in Venetian, The Staff Fund sought to obtain jurisdiction over a nonresident defendant, A & A, Maryland, by pleading the basis for service in the language of the long arm statute. The Staff Fund pled that A & A, Maryland, through its agents and/or employees, committed a tort within this state. This allegation tracked the language of section 48.-193(l)(b).[1] The Staff Fund also alleged that J. Wesley Mills made material misrepresentations. By way of affidavit The Staff Fund alleged that Mills met with the administrator of The Staff Fund in Florida during the reinsurance process. These allegations were sufficient to satisfy the first prong of the two-prong test approved in Venetian: whether the complaint alleges sufficient jurisdictional facts to bring the action within the ambit of Florida’s long arm statute.
As in Venetian, the parties to the instant appeal filed contradictory affidavits in support of, and in opposition to, the motion to dismiss. A & A, Maryland, asserted that it did not have any contact with The Staff Fund and did not participate in the placement of reinsurance for The Staff Fund, while The Staff Fund asserted that Mills, an employee of A & A, Maryland, met with its employee, Donald Korman on at least two and possibly three occasions in The Staff Fund’s Florida office.
In outlining the procedure to be followed when determining the issue of personal jurisdiction, the court in Venetian noted that in most cases the parties’ affidavits can be harmonized and the court will be able to make a decision based upon essentially undisputed facts. Venetian, 554 So.2d at 503. However, when the relevant facts set forth in the respective affidavits are in direct conflict, “the trial court will have to hold a limited evidentiary hearing in order to determine the jurisdiction issue.” Id. In the instant case, a limited evidentiary hearing should have been conducted to determine whether the nonresident corporation, A & A, Maryland, had sufficient minimum contacts with Florida to satisfy the second prong of the two part test approved in Venetian: whether sufficient “minimum contacts” are demonstrated to satisfy due process requirements, such that maintenance of the suit did not offend traditional notions of fair play and substantial justice. Id. at 502.
We reverse the order dismissing The Staff Fund’s complaint as to A & A, Maryland, and remand with directions to conduct an evidentiary hearing.
REVERSED and REMANDED.
DELL and WARNER, JJ., concur.

. Section 48.193(l)(b) provides:
48.193(l)(b) Acts subjecting person to jurisdiction of courts of state.—
(1) Any person, whether or not a citizen or resident of this state, who personally or through an agent does any of the acts enumerated in this subsection thereby submits himself and, if he is a natural person, his personal representative to the jurisdiction of the courts of this state for any cause of action arising from the doing of any of the following acts:
[[Image here]]
(b) Committing a tortious act within this state.