651 So.2d 1295 (1995)
Lawrence ORBE, Appellant,
v.
Lee Connolly ORBE, Appellee.
No. 94-1123.
District Court of Appeal of Florida, Fifth District.
March 17, 1995.
*1296 Terroll J. Anderson of Patterson & Green, P.A., Jacksonville Beach, for appellant.
John F. Phillips, Fort Lauderdale, for appellee.
W. SHARP, Judge.
Lawrence Orbe appeals from an order which quashed service of process on Lee Connolly Orbe, his wife, and dismissed his petition for dissolution of marriage with prejudice. While we agree the trial court properly quashed service on Lee because personal jurisdiction had not been obtained over her and service was defective because it failed to comply with sections 48.031 and 48.021, Florida Statutes (1993), the petition should not have been dismissed with prejudice for lack of subject matter jurisdiction. Accordingly we affirm in part and reverse in part.
The parties were married in 1988, in Bermuda, and lived together until July 2, 1993. In August of 1993, Lawrence filed a petition for dissolution in Florida. In his petition he alleged "Petitioner has been a resident of Florida for more than six months before filing the petition."
Lee filed a motion to dismiss, claiming she and Lawrence were residents of New Jersey. In support of this claim, Lee filed a "certification" setting forth various facts, but this document was not sworn to or notarized. Section 92.50(2), Florida Statutes (1993), provides that oaths, affidavits and acknowledgements taken in other states which are required under Florida law must be administered by an authorized person and be authenticated by the signature and seal of that person. See also Lawrence v. Pestana, 560 So.2d 248, 249 (Fla. 3d DCA), rev. denied, 570 So.2d 1305 (Fla. 1990). Lee's certification contains neither the signature nor seal of a party purporting to be authorized to take a sworn statement. Thus, it is insufficient to constitute an affidavit under Florida law.
A defendant may challenge the sufficiency of jurisdictional allegations of a complaint by filing a motion to dismiss, but must support his position by affidavit. The burden then shifts to the plaintiff to show by affidavit the basis upon which jurisdiction may be obtained. Sutton v. Smith, 603 So.2d 693 (Fla. 1st DCA 1992); Unger v. Publisher Entry Service, Inc., 513 So.2d 674 (Fla. 5th DCA 1987), rev. denied, 520 So.2d 586 (Fla. 1988); Miller v. Marriner, 403 So.2d 472 *1297 (Fla. 5th DCA 1981); Jones v. Jack Maxton Chevrolet, Inc., 484 So.2d 43, 46 (Fla. 1st DCA 1986). An unsworn motion is insufficient to meet the defendant's burden. Davis v. Dempsey, 343 So.2d 950 (Fla. 3d DCA 1977). All well pleaded allegations in the petition are admitted as true by the motion. Olin's, Inc. v. Avis Rental Car System of Florida, 104 So.2d 508 (Fla. 1958); Lincoln Tower Corp. v. Dunhall's-Florida, Inc., 61 So.2d 474 (Fla. 1952); Triple E Development Co. v. Floridagold Citrus Corp., 51 So.2d 435 (Fla. 1951).
A limited evidentiary hearing should be held if the plaintiff's complaint alleges sufficient jurisdictional facts and when the affidavits of the parties are in conflict. Staff Fund, Inc. v. Alexander & Alexander, Inc., 620 So.2d 215 (Fla. 4th DCA 1993). In this case, the trial court prematurely scheduled a hearing because Lee never met her initial burden. Her unsworn to "certification" was not sufficient under Florida law to qualify as an affidavit.
However, the court set a hearing to determine her motion to dismiss. Prior to the hearing, Lawrence filed an affidavit which alleged: (a) he had been a resident of Florida since 1972; (b) his residence was at a specific address in Ponte Vedra Beach; (c) his principal bank account was in Pensacola; (d) he voted in Florida; (e) he owned two cars registered in Florida; (f) he had a Florida driver's license; (g) he was self-employed and had no structured office, but had mailing addresses in Florida, New York, and Colorado; (h) he owned no real property outside of Florida; and (i) he had a contract to buy real property in Ponte Vedra Beach.
At the hearing, Lee and her attorney appeared via telephone. Lawrence did not appear but his attorney attended the hearing. The court accepted Lee's uncontroverted telephone statements.[1] It concluded the parties had only one marital domicile, in New Jersey, and that Lawrence never resided in Florida. It held Lawrence was unable to allege sufficient jurisdictional facts to give it subject matter jurisdiction and it dismissed Lawrence's petition with prejudice. This was premature.
Dissolution proceedings in Florida can proceed in one of two ways. If the court has personal jurisdiction over both parties, the court can and should resolve all issues between the parties including property disputes and questions of support and equitable distribution. Sorrells v. Sorrells, 82 So.2d 684 (Fla. 1995); Birnbaum v. Birnbaum, 615 So.2d 241 (Fla. 3d DCA 1993); Orlowitz v. Orlowitz, 208 So.2d 849 (Fla. 3d DCA), cert. denied, 207 So.2d 453 (Fla. 1967). But if the court has personal jurisdiction over only one spouse, it can still dissolve the marital relationship of the parties, provided the subject matter requirement for jurisdiction is met (six months residency of that spouse in Florida prior to filing the petition). § 61.021, Fla. Stat. (1993); Perez v. Perez, 519 So.2d 1104 (Fla. 3d DCA 1988); Arnstein v. Arnstein, 422 So.2d 1052 (Fla. 4th DCA 1982); Bowers v. Bowers, 287 So.2d 722 (Fla. 1st DCA 1973). This is known as the divisible divorce concept.[2]See Davis v. Dieujuste, 496 So.2d 806 (Fla. 1986); Pawley v. Pawley, 46 So.2d 464 (Fla.), pet. denied, 47 So.2d 546 (Fla.); cert. denied, 340 U.S. 866, 71 S.Ct. 90, 95 L.Ed. 632 (1950). In such case the court can grant the dissolution of marriage without addressing the property rights and obligations of the parties.[3]
Thus, if Lawrence was a resident of Florida for the required time period, the trial court had subject matter jurisdiction. The standard of proof of residence is clear and convincing evidence. Goodwin v. Goodwin, 559 So.2d 109, 110 (Fla. 2d DCA 1990); Beaucamp v. Beaucamp, 508 So.2d 419 (Fla. 2d DCA 1987). Under section 61.052(2), a Florida driver's license or Florida voter registration *1298 is corroborative evidence of residency.
In this case, Lawrence properly corroborated the residency allegations in the petition with an affidavit alleging, inter alia, that he had both a Florida driver's license and was a registered voter in the state and that he had been a resident since 1977. The only possible deficiency in Lawrence's petition discernable to this court is that he failed to include the language "immediately prior to filing the petition" in his residence allegation. Instead, his petition tracks the language of section 61.021.[4] If the petition were insufficient for that reason, it appears to be a technical matter which could possibly be easily corrected.
Dismissal without leave to amend a petition at least one time has been held to be an abuse of discretion, particularly where it is not clear the complaint could not be made more definite and certain. Tucker v. Bray, 458 So.2d 841 (Fla. 2d DCA 1984); Ayers v. Home Owners Association of Killearn Estates, 360 So.2d 1326 (Fla. 1st DCA 1978); Volpicella v. Volpicella, 136 So.2d 231 (Fla. 2d DCA 1962). In this case, it is clear the petition could have been corrected by the inclusion of the language "immediately prior to filing the petition." In all other respects the petition is sufficient.
Lee's challenge to subject matter jurisdiction by way of her motion to dismiss, unsupported by a sufficient affidavit, was not sufficient to support a pre-trial evidentiary hearing. As a simple challenge to the adequacy of the pleadings, the court should have (at most) granted the motion to dismiss without prejudice, allowing Lawrence to file an amended petition properly alleging subject matter jurisdiction.
Accordingly we reverse the dismissal of the petition for dissolution with prejudice and affirm the quashing of service on Lee. We remand for further proceedings consistent with this opinion.
AFFIRMED in part; REVERSED in part; REMANDED.
HARRIS, C.J., concurs.
GRIFFIN, J., concurs and concurs specially with opinion.
GRIFFIN, Judge, concurring specially.
Orbe's failure to plead that he had been a Florida resident for the six months immediately prior to the filing of the dissolution may or may not have been merely "technical." I find his three-page affidavit to be as coy on the issue of jurisdiction as was the complaint: "Petitioner and Respondent resided in Florida for more than six months from September 1988 until they ceased living together as man and wife in July, 1993." (The dissolution was filed in August, 1993). Because of the insufficiency of Mrs. Orbe's affidavit, however, the basis for dismissal has to rest on Orbe's pleading, and dismissal should have been with leave to amend. In the face of a proper affidavit, if Orbe can plead no more than what is already in the petition and his affidavit, the lower court's first instincts will have proved correct.
NOTES
[1] This hearing has not been transcribed and we are unable to tell whether Lee was properly sworn prior to making these statements.
[2] The United States Supreme Court has approved this doctrine, using this expression. Rice v. Rice, 336 U.S. 674, 69 S.Ct. 751, 93 L.Ed. 957 (1949); Kreiger v. Kreiger, 334 U.S. 555, 68 S.Ct. 1221, 92 L.Ed. 1572 (1948); Estin v. Estin, 334 U.S. 541, 68 S.Ct. 1213, 92 L.Ed. 1561 (1948).
[3] Montano v. Montano, 520 So.2d 52 (Fla. 3d DCA 1988).
[4] That section states:

"61.021 Residence Requirements.  To obtain a dissolution of marriage, one of the parties to the marriage must reside 6 months in the state before the filing of the petition."