924 So.2d 987 (2006)
Jon D. DERREVERE, Appellant,
v.
Gena DERREVERE, Appellee.
No. 4D05-2279.
District Court of Appeal of Florida, Fourth District.
April 12, 2006.
Rehearing Denied April 12, 2006.
*988 Shirley Jean McEachern of Derrevere & Hawkes, West Palm Beach, for appellant.
Bennett S. Cohn of the Law Offices of Bennett S. Cohn, West Palm Beach, for appellee.
KLEIN, J.
We withdraw our opinion filed on February 15, 2006 and replace it with this opinion.
In the final judgment dissolving the parties' marriage, the trial court required the husband to pay one-half of the wife's attorney's fees. The husband appealed and we reversed, holding that because the final judgment had equalized the parties' financial situations, both as to assets and income, the court erred in awarding the wife any attorney's fees. Derrevere v. Derrevere, 899 So.2d 1152 (Fla. 4th DCA 2005). On remand the trial court deleted the paragraph in the final judgment ordering the award of attorney's fees, but did not grant the husband relief as to the temporary attorney's fees which the husband had paid. We reverse.
The procedural history of this case is as follows. After the judgment of dissolution was entered, the trial court determined that the wife should be awarded one-half of her attorney's fees and costs. When the trial court calculated that amount, it credited the husband with the $25,000 in temporary fees he had previously paid.
The husband appealed, and we reversed, stating:
At the time of the final judgment, which is the time when the ability to pay must be determined, the parties were financially equal. The attorney's fee award should have been denied.
Derrevere v. Derrevere, 899 So.2d 1152, 1153 (Fla. 4th DCA 2005). On remand the trial court amended the final judgment by reducing the fees which were awarded the wife following the dissolution proceedings, but did not credit the husband with the temporary award. The husband now appeals that order and argues that the trial court did not carry out our mandate. Based on the specific facts in this case, we agree.
The wife has advanced several arguments as to why, under hypothetical situations, it could be unfair to require a refund of temporary attorney's fees; however, none of the arguments is based on any fact in this case. One of the concerns advanced by the wife is that in the future "any award of attorney's fees when reviewed at the time of the final hearing, may well be considered merely a loan, to be repaid by a wife out of her equitable distribution." We acknowledge that is certainly a possibility, but we do not see our opinion in this case as establishing anything other than, under certain facts, temporary attorney's fees may ultimately be *989 borne by the party receiving the benefit from the fees.
Reversed.
POLEN and SHAHOOD, JJ., concur.