PER CURIAM.
We have for review an order granting Appellee Claudio Adrian Natoli Michieli’s motion to dismiss the dissolution of marriage action filed by him against his wife, Monica Gonzalez Hamilton, for lack of subject matter jurisdiction. Concluding that the trial court has subject matter jurisdiction over the parties, we reverse.
Michieli instituted this action by filing a sworn petition for dissolution of marriage. In the petition, he alleged under oath that he had been a resident of Florida for at least six consecutive months immediately prior to the filing. Hamilton filed an answer admitting jurisdiction as well as a counter-petition. Thereafter, Michieli sought to dismiss the action, alleging that “[njeither party may legally remain in the United States” and that he was present in the United States under a “visa [that] is due to expire soon and cannot be renewed.” On that basis, the trial court granted husband’s motion. In this decision, the trial court erred.
It is well-settled law that the trial court has subject matter jurisdiction over a dissolution proceeding so long as one party resides in Florida for at least six months preceding the filing of the petition. Section 61.021 of the Florida Statutes requires “one of the parties to the marriage must reside 6 months in the state before the filing of the petition.” § 61.021, Fla. Stat. (2005). Case law throughout our state has interpreted this statute to require examination of residency at the time of the filing of the petition. E.g., Sragowicz v. Sragowicz, 591 So.2d 1084 (Fla. 3d DCA 1991)(affirming dismissal where wife *740 failed to proffer any evidence that she intended to remain in Florida during the six months prior to the petition); Rowland v. Rowland, 868 So.2d 608, 610 (Fla. 2d DCA 2004)(affirming the denial of a motion to dismiss where evidence existed during the preceding six months of both the establishment of one party’s actual permanent residence within Florida along with a concomitant intent); Jenkins v. Jenkins, 556 So.2d 441, 442 (Fla. 4th DCA 1990)(accord). As a natural corollary, subsequent changes in residency are irrelevant to the trial court’s examination of subject-matter jurisdiction. We therefore reverse and remand for further proceedings.