LEVINE, J.
The issue presented is whether the trial court had jurisdiction to order restitution for the husband on remand, where this court previously determined that the trial court lacked personal jurisdiction over the husband to determine issues concerning support and equitable distribution. We find the trial court has jurisdiction to order restitution in its discretion, and we reverse.
*359 These parties came before us previously in Marshall v. Marshall, 988 So.2d 644 (Fla. 4th DCA 2008), where this court reversed the trial,court’s denial of the husband’s motion to dismiss for lack of personal jurisdiction. We further granted the husband’s motion for rehearing and reversed the trial court’s temporary relief order, income deduction order, and temporary appellate attorney’s fees order, among others.[1]
On remand to the trial court, the husband requested restitution for the support monies, attorney’s fees, and costs previously given to the wife. The trial court denied the request for restitution, finding that the opinion issued by this court did not “mandate the relief requested by the Husband.” The trial court also found that “this same relief was denied by the Fourth District Court of Appeal when it denied the Husband’s Motion for Clarification.”
We find that the trial court did, in fact, have the jurisdiction to order restitution, if the court wanted to grant such relief in its discretion. The question here presented, arising out of undisputed facts, is to be reviewed de novo. Aills v. Boemi, 29 So.3d 1105 (Fla.2010).
There are two different and valid approaches to this issue. On one hand, the wife points to those cases which state that support paid pendente lite cannot be recovered by the payor spouse if that spouse is ultimately successful on appeal. Pendente lite payments to the spouse are to “sustain the party while the litigation ensues,” and the appellant is not “entitled to restitution” even if the payments are later found to be “erroneous.” Atkins v. Atkins, 388 So.2d 34, 35 (Fla. 4th DCA 1980). However, Atkins involved a request for. restitution on an award later determined to be “erroneous” rather than a request for restitution based on the trial court’s lack of jurisdiction.
On the other Hand, other cases explain that the trial court should exercise its inherent jurisdiction to resolve outstanding issues like restitution. In Wright v. Lewis, 870 So.2d 179 (Fla. 4th DCA 2004), after a prior determination that Florida had no personal jurisdiction over a father to enforce an out-of-state custody order, this court mandated the trial court to order the maternal grandmother to return all costs and attorneys’ fees paid by the father related to the enforcement of the out-of-state order. The trial court mistakenly determined that “because the father was not submitting himself to personal jurisdiction, he could not seek the affirmative relief of restitution.” Id. at 181. This court found that the monies paid to the grandmother, not tendered to the attorney, could be returned to the father as restitution.
“Restitution from counsel, however, is a different matter.” Id. The court concluded “that restitution against counsel ... is a discretionary decision for the trial court depending on the facts.” Id. at 182. The trial court’s discretion should be guided by, among other factors, counsel’s good faith actions, whether the judgment was procured by fraud, or whether the judgment was void ab initio. See Wall v. Johnson, 80 So.2d 362 (Fla.1955). In Wright, like the case at bar, the trial court incorrectly believed that the individual seeking restitution was “barred” from seeking relief.
We find that both cases, Atkins and Wright, are valid and offer to the trial court the flexibility to grant or deny resti *360 tution of alimony, costs, and attorney’s fees based on the proper exercise of the trial court’s discretion.[2] We do find that the trial court has the jurisdiction to grant or deny restitution after due consideration. It is clear that the trial court in this matter erred in denying the husband any restitution based on the erroneous belief that the trial court did not have the authority to grant restitution.
For the above listed reasons, we reverse and remand to the trial court for a hearing to determine whether restitution is warranted for the support payments, costs, or attorney’s fees.

Reversed and remanded for further proceedings.

POLEN and GERBER, JJ., concur.

. This court, .however, denied the husband's request for further clarification as to whether this court's decision allowed for restitution of attomey’s fees, costs, and alimony previously paid. Marshall, 988 So.2d at 650.

. Wright and Derrevere v. Derrevere, 924 So.2d 987 (Fla. 4th DCA 2006), also indicate that a party may be entitled to restitution as a matter of law in certain instances. However, we emphasize that we do not reach the issue of whether restitution is warranted in this case without the benefit of the trial court's factual determinations.