# Third District Court of Appeal

## State of Florida

Opinion filed February 18, 2026.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D25-0296
Lower Tribunal No. 24-17425-FC-04
_____


**Liudmila Golubtsova,**
Appellant,

vs.

**Vladimir Budaev, et al.,**
Appellees.


An Appeal from the Circuit Court for Miami-Dade County, Veronica Diaz, Judge.

Bryl Law Offices, and Gregory Bryl, for appellant.

Law Offices of Andre G. Raikhelson, LLC, and Andre G. Raikhelson (Boca Raton), for appellees.

Before FERNANDEZ, LOGUE and GOODEN, JJ.

PER CURIAM.

After years of marriage, the parties divorced in Russia. The Russian divorce decree did not distribute real estate owned in Miami-Dade County. Appellant Liudmila Golubstova subsequently filed a petition in the family court division seeking equitable distribution of the property. No claim for partition was asserted. She alleged that the parties were not permanent residents of Florida; instead, she maintained the parties were citizens of the Russian Federation. The trial court dismissed the petition.

Because the trial court lacked subject matter jurisdiction, we affirm the dismissal. See § 61.021, Fla. Stat. (2024) ("To obtain a dissolution of marriage, one of the parties to the marriage must reside 6 months in the state before the filing of the petition."); Fernandez v. Fernandez, 648 So. 2d 712, 713 (Fla. 1995) ("Florida's residency requirement is jurisdictional and must be alleged and proved in every case."); Marshall v. Marshall, 988 So. 2d 644, 648 (Fla. 4th DCA 2008) ("Under the divisible divorce concept, if the trial court has subject matter jurisdiction over a marriage, pursuant to sections 61.021 and 61.052, Florida Statutes, then it can dissolve the marital relationship."); Hamilton v. Michieli, 954 So. 2d 739, 739 (Fla. 3d DCA 2007) ("It is well-settled law that the trial court has subject matter jurisdiction over a dissolution proceeding so long as one party resides in Florida for at least six months preceding the filing of the petition."); Orbe v. Orbe, 651 So. 2d

2

1295, 1297 (Fla. 5th DCA 1995) ("Thus, if Lawrence was a resident of Florida for the required time period, the trial court had subject matter jurisdiction."); see also W. 132 Feet, etc., v. City of Orlando, 86 So. 197, 198–99 (Fla. 1920) ("Courts are bound to take notice of the limits of their authority, and if want of jurisdiction appears at any stage of the proceeding, original or appellate, the court should notice the defect and enter an appropriate order.").

Affirmed.