CAMPBELL, Judge.
This appeal presents the question whether an unserved cross-claim by one defendant against a codefendant survives the stipulated voluntary dismissal with prejudice of the original cause of action and all other cross-claims and counterclaims. We hold it does not.
In this case, a cause of action was filed by the original plaintiff which named both appellant and appellee as defendants. Ap-pellee answered and cross-claimed against appellant. Appellant also answered and cross-claimed in the same pleading against appellee. The original plaintiff filed two amended complaints. Appellant answered each amended complaint but never refiled his cross-claim against appellee and never attempted service of the original cross-claim until all of the other causes of action had been dismissed with prejudice by stipulation of all the parties.
A cross-claim is dependent upon an original or primary action to support it. Fla.R.Civ.P. 1.170(g). Cross-claims against codefendants require service by summons unless that requirement is waived by subsequent conduct of the cross-defendant. Fundaro v. Canadiana Corp., 409 So.2d 1099 (Fla. 4th DCA 1982). There was no such waiver in this case. The cross-claim, not having been served prior to the dismis *1175 sal of the supporting original proceeding and related claims, did not survive. This would not preclude, however, a separate action if the alleged cause of action of appellant against appellee otherwise continues to exist.
Affirmed.
RYDER, A.C.J., and SCHOONOVER, J., concur.