537 So.2d 129 (1988)
CIGNA, etc., Appellant,
v.
UNITED STORAGE SYSTEMS, INC., etc., et al., Appellees.
No. 88-1108.
District Court of Appeal of Florida, Fifth District.
December 22, 1988.
Rehearing Denied January 24, 1989.
*130 James L. Harrison, Jr. of Tromberg, Shore, Harrison & Safer, Jacksonville, for appellant.
Ralph J. McMurphy of Green and Simmons, P.A., Ocala, for appellees.
COBB, Judge.
The issue in this case is jurisdiction. The appellant, Cigna, a corporation d/b/a Insurance Company of North America, was a co-plaintiff with United Storage Systems, Inc. and Clausson Lexow, appellees herein, in an action against Adolf Construction Company, Inc. Prior to trial, Adolf's carrier, USF & G, turned over its insurance limits of $100,000.00 to Cigna's attorney, who placed the money in an interest-bearing account. The day before trial, Cigna voluntarily dismissed its claim. Thereafter, the trial court entered an order directing Cigna to pay the $100,000.00 in settlement proceeds to United Storage and Lexow. At the time of the non-suit, there was no cross-claim or counterclaim pending against Cigna, and no property had been seized by the court and none was in the custody of the court at that time. See Fla.R.Civ.P. 1.420(a);[1]Randle-Eastern Ambulance Service, Inc. v. Vasta, 360 So.2d 68 (Fla. 1978); Romar International, Inc. v. Jim Rathman Chevrolet/Cadillac, Inc., 420 So.2d 346 (Fla. 5th DCA 1982).
The settlement proceeds at issue were in the exclusive possession and custody of Cigna at the time of dismissal. Whatever breach of faith or trust may have occurred between the parties, there were no legal obstacles under Rule 1.420(a) that prevented Cigna's voluntary dismissal. In point of fact, the issue of entitlement to the settlement proceeds as between the parties to this appeal apparently is pending in a federal court action at this time.
The order of the trial court in regard to payment of the $100,000.00 by Cigna must be, and is
QUASHED.
ORFINGER and COWART, JJ., concur.
NOTES
[1] Rule 1.420(a) provides:

(a) Voluntary Dismissal.
(1) By Parties. Except in actions in which property has been seized or is in the custody of the court, an action may be dismissed by plaintiff without order of court (i) before trial by serving, or during trial by stating on the record, a notice of dismissal at any time before a hearing on motion for summary judgment, or if none is served or if the motion is denied, before retirement of the jury in a case tried before a jury or before submission of a nonjury case to the court for decision, or (ii) by filing a stipulation of dismissal signed by all parties who have appeared in the action. Unless otherwise stated in the notice or stipulation, the dismissal is without prejudice, except that a notice of dismissal operates as an adjudication on the merits when served by a plaintiff who has once dismissed in any court an action based on or including the same claim.
(2) By Order of Court; If Counterclaim. Except as provided in the subdivision (a)(1) of this rule, an action shall not be dismissed at a party's instance except on order of the court and upon such terms and conditions as the court deems proper. If a counterclaim has been served by a defendant prior to the service upon him of the plaintiff's notice of dismissal, the action shall not be dismissed against defendant's objections unless the counterclaim can remain pending for independent adjudication by the court. Unless otherwise specified in the order, a dismissal under this paragraph is without prejudice.