GOSHORN, Chief Judge.
John Walker appeals from the final order dismissing his case with prejudice. He argues that the trial court abused its discretion in ordering dismissal in light of the particular circumstances of this case. We agree and reverse.
Walker, a general contractor, was owed money by Anthony Nolke; however, Nolke died before paying Walker. Walker filed a claim for $15,360 in the probate action under Case No. 88-978CP. Walker and appel-lee John Nolke, the personal representative of Anthony Nolke’s estate, entered into settlement negotiations. When the negotiations proved unsuccessful, the probate court entered an order giving Walker ten days to file an independent civil action on his claim, which Walker timely did under Case No. 90-2410CA. Subsequently, the trial court dismissed the civil action without prejudice, based on Nolke’s motion to dismiss for failure to state a cause of action. Thereafter, Walker filed a motion for relief from the dismissal order and asked for permission to file an amended complaint. Unfortunately, Walker filed the motion under the probate case number.
Apparently, neither the parties nor the trial court noticed the filing error. The captions of the civil and probate actions are identical, and the judge and attorneys in both cases are the same. The sole difference is the case numbers. In fact, the order granting the motion for relief from judgment and giving Walker five days to file an amended complaint was filed by the trial court using the probate case number. When Walker timely filed the amended complaint, he again mistakenly used the probate case number.
Various additional pleadings were filed by both parties pertaining to the civil action but using the probate case number. Ultimately, Nolke filed a motion to dismiss the civil action alleging that the civil action which had been filed incorrectly under the probate case number did not constitute the independent civil action that the court had allowed in its order granting relief from judgment. The court granted the motion and dismissed the civil complaint from the probate action.
Ten days later, Walker again filed his amended complaint, this time using the correct civil action case number. However, the trial court dismissed the civil action because Walker did not file the amended complaint in the civil action within the five days allowed by the court’s order granting relief from judgment. On appeal, Walker argues that the dismissal of the civil action with prejudice was unduly harsh under the circumstances and thus constituted an abuse of the trial court’s discretion.
In response, Nolke answers that the dismissal was appropriate in light of Walker’s failure to comply with the order giving Walker five days to file the amended complaint in the civil action. See Fla.R.Civ.P. 1.420(b) (permitting a party to move for involuntary dismissal of an action against him for failure of an adverse party to comply with the rules or any order of court). Nolke contends that Walker’s inadvertent use of the probate case number on the amended complaint intended for the civil action does not constitute good cause for Walker’s delay in correctly filing the amended complaint in the civil action. In support of his contention, Nolke cites Allstate Insurance Co. v. Montgomery Ward, 538 So.2d 974 (Fla. 5th DCA 1989) (holding that the trial court had discretion to dismiss the action almost a year after the plaintiffs had been ordered to file an amended complaint within 30 days from the date of the order, even in the face of the plaintiffs’ claim of excusable neglect due to a breakdown in their attorney’s diary system).
However, the instant case is distinguishable from Allstate and the myriad of other cases permitting dismissal for failure to abide by a court order. Here, Walker did *657 timely file an amended complaint, albeit under an incorrect case number. Furthermore, this case does not involve willful disobedience or flagrant disregard of a court order. Even the trial judge, who is the judge for both the probate and the civil action, failed to notice the amended complaint was misfiled and himself filed an order using the wrong case number. Thus, we hold that under the circumstances of this case, it was an abuse of discretion to dismiss the civil action with prejudice where an amended civil complaint was timely filed in the circuit court in accordance with the court’s order and where the only failure appears to be a scrivener’s error setting forth an incorrect case number, particularly where, as here, the opposing party and the trial judge also made the same error.
REVERSED and REMANDED.
DAUKSCH and DIAMANTIS, JJ„ concur.