656 So.2d 1297 (1994)
84 LUMBER COMPANY, Appellant,
v.
Mark COOPER, Appellee.
No. 94-01260.
District Court of Appeal of Florida, Second District.
December 28, 1994.
Robert M. Daisley and Wolfgang M. Florin of Annis, Mitchell, Cockey, Edwards & Roehn, P.A., Tampa, for appellant.
Terry S. Nelson of Goldberg, Goldstein & Buckley, P.A., Fort Myers, for appellee.
LAZZARA, Judge.
The appellant, 84 Lumber Company (84 Lumber), challenges the trial court's order limiting its right of reimbursement from appellee, *1298 Mark Cooper, under a subrogation clause of an employee's medical benefit payment plan. It contends, for the first time in this case, that the trial court had no jurisdiction to enter the order. Because we agree with 84 Lumber's contention, we need not reach the other issues raised in support of reversal. Accordingly, we vacate the order and dismiss this case.
Cooper was injured in an automobile accident. At the time of the accident, he was an employee of 84 Lumber and a member of the company's self-insured employee health plan. 84 Lumber was thus required to pay Cooper medical benefits necessitated by the accident. Cooper's agreement with the plan, however, required him "to reimburse the Plan, for any benefits so paid hereunder, out of any monies recovered from any person or entity as the result of judgment, settlement or otherwise" arising from the accident.
Cooper later sued his uninsured motorist carrier after receiving its permission to settle with the liability carrier of the person who negligently caused the accident.[1] Cooper and his insurance company then settled the uninsured motorist claim. To finalize the settlement, they filed with the trial court a voluntary joint stipulation dismissing the case with prejudice as authorized by Florida Rule of Civil Procedure 1.420(a). The trial court acted on the stipulation by entering a final order dismissing the case with prejudice.[2]
Cooper then became embroiled in a dispute with 84 Lumber regarding the amount the company's health plan was entitled to be reimbursed under the subrogation clause of the plan for benefits previously paid as a result of the accident. This dispute resulted in Cooper filing a motion in the dismissed case requesting the trial court to determine what amount 84 Lumber was entitled to receive. 84 Lumber responded with a motion to intervene which the trial court granted. The trial court ultimately awarded 84 Lumber substantially less than what it claimed it was legally owed.[3] At no time, however, did either party ever question the trial court's jurisdiction in the dismissed case to adjudicate the subject matter of their dispute regarding the amount of reimbursement.
It has been the historic law of this state that "[s]ubject matter jurisdiction cannot be created by waiver, acquiescence or agreement of the parties, or by error or inadvertence of the parties or their counsel, or by the exercise of power by the court; it is a power that arises solely by virtue of law." Florida Export Tobacco Co. v. Dep't of Revenue, 510 So.2d 936, 943 (Fla. 1st DCA), review denied, 519 So.2d 986-987 (Fla. 1987). Indeed, subject matter jurisdiction is so vital to a court's power to adjudicate the rights of individuals, that its absence can be questioned at anytime, even after the entry of a final judgment or for the first time on appeal. E.g., Stel-Den of America, Inc. v. Roof Structures, Inc., 438 So.2d 882 (Fla. 4th DCA 1983), review denied, 450 So.2d 488 (Fla. 1984). Moreover, the fact that the lack of such jurisdiction is never presented to a trial court does not preclude an appellate court from considering the issue. E.g., Hadley v. Hadley, 140 So.2d 326 (Fla. 3d DCA 1962). Accordingly, we are obligated to consider 84 Lumber's contention that the trial court had no subject matter jurisdiction in the dismissed case to enter the order under review. Walt v. Walt, 574 So.2d 205 (Fla. 1st DCA 1991).
In Randle-Eastern Ambulance Service, Inc. v. Vasta, 360 So.2d 68, 69 (Fla. 1978), the court held that the effect of a plaintiff's unilateral voluntary dismissal of a case under rule 1.420(a) is "to remove completely from the court's consideration the power to enter an order, equivalent in all *1299 respects to a deprivation of `jurisdiction.'" As a consequence, "the trial judge loses the ability to exercise judicial discretion or to adjudicate the cause in any way... ." Id. Accord Sprague v. P.I.A. of Sarasota, Inc., 611 So.2d 1336 (Fla. 2d DCA 1993). We conclude, therefore, that the joint stipulation for dismissal filed by Cooper and his insurance company in the uninsured motorist lawsuit under rule 1.420(a) divested the trial court of any subject matter jurisdiction to adjudicate any future issues arising in that case, including Cooper's motion to determine the amount 84 Lumber was entitled to be reimbursed. See Oceanair of Florida, Inc. v. Beech Acceptance Corp., 545 So.2d 443 (Fla. 1st DCA 1989) (filing of joint stipulation for dismissal with prejudice terminated litigation instantaneously so that trial court was without jurisdiction to act upon party's motion for default of settlement agreement).
The fact that the trial court granted 84 Lumber's motion to intervene does not change our conclusion. Although Florida Rule of Civil Procedure 1.230 bestowed on the trial court discretion to allow 84 Lumber to intervene in a timely manner in order to protect its right to a refund under its medical plan with Cooper, see Union Central Life Insurance Company v. Carlisle, 593 So.2d 505 (Fla. 1992), nevertheless, intervention under the rule assumes "an interest in pending litigation" which "shall be in subordination to, and in recognition of, the propriety of the main proceeding... ." (Emphasis added.) See Dickinson v. Segal, 219 So.2d 435, 436 (Fla. 1969) ("pending litigation" under the rule "means litigation pending before the trial court."). Thus, when the litigation between Cooper and his insurance carrier was terminated by the joint stipulation for dismissal, the trial court was divested of any further jurisdiction in that case to exercise its discretion and authorize intervention. See Knight v. County of Alachua, 396 So.2d 846 (Fla. 1st DCA 1981), review denied, 412 So.2d 467 (Fla. 1982) (plaintiff's voluntary dismissal with prejudice prevented trial court from exercising jurisdictional discretion under applicable rules of civil procedure to award attorney's fees to nonparty deponent who successfully obtained protective order). The trial court also lost jurisdiction in the case to adjudicate 84 Lumber's intervention claim when 84 Lumber failed to preserve this claim prior to dismissal of the litigation between Cooper and his insurance carrier. See Weiss v. Courshon, 618 So.2d 255 (Fla. 3d DCA 1993); Colucci v. Greenfield, 547 So.2d 224 (Fla. 3d DCA 1989).
Our decision, however, does not preclude either party from having the issue of reimbursement adjudicated in a lawfully instituted proceeding. The trial court's order, rendered without jurisdiction, is not entitled to the preclusive effect of res judicata. Florida Nat'l Bank of Jacksonville v. Kassewitz, 25 So.2d 271 (Fla. 1946) (on rehearing). Accordingly, either party is entitled to bring a separate cause of action directed to the issue of reimbursement under the subrogation clause of 84 Lumber's health plan, assuming such a cause of action still exists. See Cigna v. United Storage Sys., Inc., 537 So.2d 129 (Fla. 5th DCA 1988); Lopez v. Peter R. Brown Co., 492 So.2d 1174 (Fla. 2d DCA 1986).[4]
We pause to wonder what each party's jurisdictional position would have been had the trial court awarded 84 Lumber the full amount of its claim and Cooper had appealed? Notwithstanding our curiosity, we observe that the trial court's order was destined to be vacated because of our independent duty to take notice of a jurisdictional defect even if neither party had raised the issue. E.g., City of Gainesville v. Republic Inv. Corp., 480 So.2d 1344 (Fla. 1st DCA 1985). Moreover, even if we were to discern that either party engaged in "Catch 22" or "gotcha!" litigation tactics[5] by failing to raise the issue of lack of subject matter jurisdiction before the trial court,[6] we would still *1300 have been compelled under the law to vacate any order rendered by the trial court and dismiss the case. We strongly emphasize, therefore, an attorney's ethical obligation, as an officer of the court, to immediately raise before a trial court the fundamental issue of lack of subject matter jurisdiction, after it becomes apparent, in order to prevent what occurred in this case: an unnecessary expenditure of precious client and judicial resources, both at the trial and appellate levels, without any resolution of the main issue in dispute.
Order vacated; cause dismissed.
SCHOONOVER, A.C.J., and ALTENBERND, J., concur.
NOTES
[1] Coincidentally, the same carrier insured both Cooper and the negligent party.
[2] Because no property had been seized or was in the custody of the court, a formal order of dismissal was unnecessary under the rule to terminate this litigation. Travelers Indem. Co. v. Walker, 401 So.2d 1147 (Fla. 3d DCA 1981).
[3] 84 Lumber's alternative arguments are that the trial court was required to apply the provisions of the Employee Retirement Income Security Act (ERISA), 29 U.S.C. §§ 1001 et seq., and that under the act and the company's plan, the trial court was further required to fully reimburse the plan for medical benefits paid to Cooper.
[4] At oral argument, 84 Lumber announced that it had instituted such an action in federal court.
[5] See, e.g., Salcedo v. Association Cubana, Inc., 368 So.2d 1337 (Fla. 3d DCA), cert. denied, 378 So.2d 342 (Fla. 1979).
[6] We accept, in that regard, counsels' statements at oral argument that Cooper filed his motion in good faith in the dismissed case to limit further costs of litigation and that 84 Lumber did not discover the jurisdictional defect until it received the record on appeal.