FRANK, Acting Chief Judge.
Larry Antwan Hodges pleaded no contest to possession of cocaine. His plea constituted a violation of his preexisting community control status and he was sentenced to three and one-half years in prison and assessed a $50 public defender’s lien.
*870 Hodges argues that the state failed to establish his constructive possession of cocaine and that his sentence departs from the guidelines without the required written findings. Our review of the record indicates that a sufficient factual basis was supplied through the testimony of the arresting officer. See Allen v. State, 622 So.2d 526, 528 (Fla. 2d DCA 1993) (describing elements of constructive possession). Furthermore, no written findings are necessary where a departure sentence is imposed pursuant to a valid plea agreement. State v. Williams, 667 So.2d 191, 193-94 (Fla.1996).
Hodges has also challenged the assessment of a $50 public defender’s lien imposed pursuant to section 27.56, Florida Statutes (1993). We agree that the lien must be stricken but, upon remand, it may be reimposed after informing Hodges of his right to a hearing to contest the amount of the lien. Fla.R.Crim.P. 3.720(d)(1); Drinnon v. State, 598 So.2d 229, 230 (Fla. 2d DCA 1992). Moreover, both parties concede that the written sentence contains a scrivener’s error — • the sentence reflects an incorrect ease number. On remand, Hodges’ sentence should be corrected so that it is concurrent with case number 92-10964, in conformity with the oral pronouncement.
Accordingly, we affirm the convictions and remand for further proceedings consistent with this opinion.
FULMER and QUINCE, JJ., concur.