ALTENBERND, Acting Chief Judge.
Donald L. Fitzgerald seeks a writ of certiorari quashing the trial court’s order that refused to give effect to his notice of voluntary dismissal in this dissolution proceeding. Although we suspect this is a pyrrhic victory, we conclude that the trial court departed from the essential requirements of the law when it “denied” Mr. Fitzgerald’s notice of voluntary dismissal.
Mr. Fitzgerald filed a dissolution proceeding against his wife, Darlene M. Fitzgerald, in February 2000. He served her by publication and obtained a default and final judgment in March. Mrs. Fitzgerald filed a motion to set aside this final judgment in August, and the parties quickly stipulated to set aside the judgment. The stipulation included an agreement that “neither party shall trade, sell, dispose of, transfer, secrete or dissipate any asset currently in his [sic] name alone or jointly with any other person.” The stipulation recognized that Mrs. Fitzgerald planned to file a counterpetition.
In light of the stipulation, the trial court entered an order on August 29, 2000, setting aside the entire judgment. Two days later, Mr. Fitzgerald filed a notice of voluntary dismissal. Mrs. Fitzgerald immediately filed her own petition for dissolution of marriage. Mrs. Fitzgerald also filed an objection to the notice of voluntary dismissal on September 29. In November, the trial court “denied” Mr. Fitzgerald’s notice of voluntary dismissal and consolidated the two cases.
The supreme court has held that the right of a plaintiff to take a voluntary dismissal is “absolute.” Fears v. Lunsford, 314 So.2d 578, 579 (Fla.1975). Subsequent case law suggests that the right may not exist in a dissolution proceeding if significant child custody issues are unresolved or if the dismissing party is committing a fraud on the court. See, e.g., Tobkin v. State, 777 So.2d 1160, 1164 (Fla. 4th DCA 2001). There are no child custody issues in this case. Although Mr. Fitzgerald’s dismissal may be a matter of sharp practice, the trial court made no finding of fraud, and there is no basis in the record to find that the notice constituted a fraud on the court. Thus, the trial court had no authority to override the notice of voluntary dismissal. The trial court must accept Mr. Fitzgerald’s notice of voluntary dismissal.
We emphasize that this opinion does not determine what effect Mr. Fitzgerald’s stipulation concerning assets may have in the pending dissolution proceeding filed by Mrs. Fitzgerald. See, e.g., § 61.075(l)(i), (6), Fla. Stat. (2000). The record suggests that Mr. Fitzgerald may have executed a warranty deed transferring a home “as a single man” in September 2000, even though, by virtue of his own stipulation, he was then a married man with a wife possessing homestead rights. These are matters for the trial court to address in the *1218 pending dissolution proceeding, which was filed by Mrs. Fitzgerald in early September 2001.
Petition for writ of certiorari granted.
GREEN and SILBERMAN, JJ., Concur.