NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT


KENNAN G. DANDAR and DANDAR &          )
DANDAR, P.A.,                          )
                                       )
          Appellants,                  )
                                       )
v.                                     )          Case No. 2D14-1511
                                       )
CHURCH OF SCIENTOLOGY FLAG             )
SERVICE ORGANIZATION, INC.,            )
                                       )
          Appellee.                    )
_____)

Opinion filed March 2, 2016.

Appeal from the Circuit Court for Pinellas
County; Crockett Farnell, Senior Judge.

Kennan G. Dandar, pro se; Thomas J.
Dandar of Dandar & Dandar, P.A., Tampa;
and Luke Lirot of Luke Charles Lirot, P.A.,
Clearwater, for Appellants.

F. Wallace Pope, Jr., and Robert V. Potter of
Johnson, Pope, Bokor, Ruppel & Burns,
LLP, Clearwater, for Appellee.


PER CURIAM.

          Litigation between the parties to this appeal began in 1997, when Kennan

G. Dandar and the law firm of Dandar & Dandar, P.A. (collectively "Dandar"),

represented the Estate of Lisa McPherson in a wrongful death action against Church of

Scientology Flag Service Organization, Inc. (hereinafter "Scientology"). A confidential settlement agreement was reached in that case, which Dandar signed in his individual capacity, and the parties filed a joint stipulation of voluntary dismissal with prejudice. Thereafter, Scientology successfully moved to enforce the agreement against Dandar five years later in the same case and was awarded attorney's fees and costs in the amount of $1,068,156.50, plus postjudgment interest. We conclude that the trial court did not have jurisdiction to entertain Scientology's motion after Scientology previously dismissed its cause of action with prejudice. Accordingly, the final judgment is reversed.

## I. PROCEDURAL HISTORY

The confidential settlement agreement was executed on May 26, 2004, and Dandar pledged in the agreement that he would not be involved in any adversarial proceedings against Scientology under any circumstances at any time. Following the execution of the settlement agreement and in accordance with its terms, the parties filed a joint stipulation of voluntary dismissal with prejudice on June 8, 2004. The dismissal stated, "[A]ll claims that were or that could have been asserted in the above-styled action between the parties shall be and are hereby dismissed with prejudice." No order was entered by the trial court, either before or after the dismissal was filed, retaining jurisdiction to enforce the settlement agreement or incorporating the settlement agreement.

In 2009, Dandar filed a complaint on behalf of another plaintiff in a suit against Scientology in federal court. Thereafter, Scientology sought an order enforcing the settlement agreement and awarding damages against Dandar, alleging that his

representation of the plaintiff in the federal action was a violation of the agreement. It appears that Scientology never filed this motion with the clerk of court but instead handed it to the senior trial judge who had presided over the 1997 case.

On March 18, 2010, Dandar filed a notice advising the trial court that it was proceeding without jurisdiction. At a hearing on the notice and a separate motion for contempt filed by Scientology, the trial court asked Dandar why he did not allege a lack of jurisdiction earlier in the proceedings. The response was twofold. First, Dandar stated that it had fallen through the cracks; second, and more importantly, Dandar argued that subject matter jurisdiction could be raised at any time. The trial court rejected Dandar's argument and found that it had jurisdiction to enforce the settlement agreement based on paragraph eight of the agreement, which provided that "[t]he circuit court in the wrongful death action shall retain jurisdiction to enforce the executory terms of this Confidential Settlement Agreement which shall be filed under seal if enforcement becomes necessary." We conclude that the filing of the voluntary dismissal divested the trial court of jurisdiction, and the parties' settlement agreement could not confer jurisdiction on the trial court.

## II. VOLUNTARY DISMISSAL

Florida Rule of Civil Procedure 1.420(a) allows for the filing of a stipulation of dismissal signed by all parties to the action without approval of the trial court. Once a case is voluntarily dismissed, a trial court is divested of jurisdiction to proceed in the case in any manner. Such divestiture of jurisdiction was discussed in a recent Florida Supreme Court opinion. In Pino v. Bank of New York, 121 So. 3d 23, 32 (Fla. 2013), the court noted that "[t]he voluntary dismissal serves to terminate the litigation, to

instantaneously divest the court of its jurisdiction to enter or entertain further orders that would otherwise dispose of the case on the merits, and to preclude revival of the original action." Voluntary dismissals are acts of finality that deprive the court of jurisdiction over the case. Id.; see also Estate of Williams v. Jursinski, 160 So. 3d 500, 501 (Fla. 2d DCA 2015) (concluding that, pursuant to Pino, the notice of voluntary dismissal "had the effect of immediately divesting the circuit court of jurisdiction"); Kelly v. Colston, 977 So. 2d 692, 694 (Fla. 1st DCA 2008) ("The effect of a voluntary dismissal prior to submission is immediate, final, and irreversible. It terminates the litigation and instantaneously divests the court of its jurisdiction to enter further orders."); WM Specialty Mortg., LLC v. Salomon, 889 So. 2d 922, 922 (Fla. 4th DCA 2004) ("[A]n order dismissing an action with prejudice divests the trial court of jurisdiction to preside over the parties and their dispute." (quoting Eye & Ear Sales & Serv. Co. v. Lamela, 636 So. 2d 791, 792 (Fla. 4th DCA 1994))).

We note that an exception to this rule occurs when the parties present their settlement to the trial court and the court incorporates or relies upon that settlement agreement and enters an order dismissing the case based on the parties' agreement. In that scenario, the parties "may later file a motion in the dismissed case seeking enforcement of the settlement agreement," and the trial court has jurisdiction to rule on the motion because the court has the inherent and continuing power to enforce its own orders. MCR Funding v. CMG Funding Corp., 771 So. 2d 32, 34 (Fla. 4th DCA 2000).

This did not occur in the present case. As previously noted, no order was entered by the trial court either before or after the dismissal was filed. The Third District

- 4 -

recently explained the distinction between simply filing a voluntary dismissal with prejudice and the filing of an order by the trial court reserving "case" jurisdiction or incorporating the parties' agreement:

> There is a difference between presenting a settlement agreement to the trial court for approval prior to dismissal of an action and cases where the parties voluntarily dismiss the action without an order of the court pursuant to Florida Rule of Civil Procedure 1.420. A voluntary dismissal under rule 1.420(a) divests the trial court of continuing jurisdiction over the case. However, where the parties, prior to dismissal, present a settlement agreement to the trial court for approval and the trial court enters an order of dismissal predicated on the parties' settlement agreement, the trial court retains jurisdiction to enforce the terms of the settlement agreement.

Albert v. Albert, 36 So. 3d 143, 147 (Fla. 3d DCA 2010) (citations omitted).

Because the parties in the present case did not obtain an order of dismissal incorporating the settlement agreement or an order reserving jurisdiction to enforce the terms of the agreement, neither party may obtain enforcement of the settlement agreement by filing a motion in the dismissed case. See MCR Funding, 771 So. 2d at 34-35. "[T]he trial court may not rely on its inherent power to enforce its own orders since there is no judgment or order for the court to enforce. In this instance, the parties would ordinarily have to pursue a new breach of contract action to enforce the settlement agreement." Id. at 35. Therefore, the trial court did not have jurisdiction to rule on Scientology's motion to enforce the settlement agreement and, consequently, it did not have jurisdiction to enter a final judgment requiring Dandar to pay damages for attorney's fees and costs in the amount of $1,068,156.50.

### III. ACQUIESCENCE TO JURISDICTION

We further conclude that neither the language in the parties' settlement agreement nor the parties' previous pleadings relating to the enforcement of the agreement conferred jurisdiction on the trial court. This court has addressed this issue in 84 Lumber Co. v. Cooper, 656 So. 2d 1297, 1298 (Fla. 2d DCA 1994), where a settlement agreement was reached, a voluntary joint stipulation dismissing the case with prejudice was filed, and the trial court entered a final order dismissing the case with prejudice. Cooper thereafter filed a motion in the dismissed case requesting that the trial court determine the amount due to 84 Lumber Company, which originally was not a party in the action but later filed a motion to intervene. Id. Ultimately an award was entered in favor of 84 Lumber Company. Id. At no time did either party claim that the trial court lacked jurisdiction. Id.

This court reversed the monetary award and began its analysis by noting that "[s]ubject matter jurisdiction cannot be created by waiver, acquiescence or agreement of the parties, or by error or inadvertence of the parties or their counsel, or by the exercise of power by the court; it is a power that arises solely by virtue of law." Id. (alteration in original) (quoting Fla. Exp. Tobacco Co. v. Dep't of Revenue, 510 So. 2d 936, 943 (Fla. 1st DCA 1987)). This court held that the lack of jurisdiction can be raised for the first time on appeal. Id.

This court then went on to discuss the impact of the joint stipulation for dismissal of a case under rule 1.420(a). The effect, simply stated, is that the joint stipulation for dismissal divested the trial court of "jurisdiction to adjudicate any future issues arising in that case, including Cooper's motion to determine the amount 84

Lumber was entitled to be reimbursed." Id. at 1299. That is exactly what occurred in this instance. Once the voluntary dismissal with prejudice was filed, no authority remained for the exercise of jurisdiction, and the fact that Dandar raised this issue almost a year after Scientology moved to enforce the settlement agreement is neither a bar nor a waiver. See id.

Accordingly, we conclude that after the voluntary dismissal with prejudice was filed, the trial court did not have jurisdiction to rule on any motion to enforce the settlement agreement. All such orders entered subsequent to the dismissal are void.

## IV. LAW OF THE CASE

Scientology argues that this court is precluded from examining whether the trial court had jurisdiction based on the law of the case doctrine. We disagree. In 2010, the trial court entered an order in this matter finding Dandar in willful contempt of court and imposing a damage award of $50,000. In its order, the trial court found that it had jurisdiction to enforce the settlement agreement through civil contempt. Dandar appealed the trial court's decision and argued that the trial court lacked jurisdiction because the case had been dismissed with prejudice.

This court reversed the order on appeal "to the extent that it awarded $50,000 in damages against Dandar and in favor of the Church." Dandar v. Church of Scientology Flag Serv. Org., Inc., 59 So. 3d 144, 145 (Fla. 2d DCA 2011). The opinion of this court does not expressly pass upon the jurisdictional claim. However, following its holding, the opinion continued by stating: "Dandar's remaining arguments are either procedurally barred or are otherwise without merit." Id. This disposition is procedural

and not a substantive determination on the merits. Therefore, this panel may reach the issue of jurisdiction in this appeal.

We find support for this conclusion in a similar case, Hardman v. Koslowski, 135 So. 3d 434 (Fla. 1st DCA 2014). Addressing the law of the case doctrine, the court stated:

> The doctrine of law of the case is a doctrine of judicial estoppel "limited to questions of law actually presented and considered on a former appeal." Fla. Dep't of Transp. v. Juliano, 801 So. 2d 101, 105-06 (Fla. 2001). The former husband argued in his answer brief that subject matter jurisdiction was actually raised and necessarily, though implicitly, resolved by this Court in [Hardman v. Koslowski, 107 So. 3d 1246 (Fla. 1st DCA 2013)]. We disagree. In Hardman, we reversed the trial court's order holding the former wife in contempt for failing to abide by the terms of the July 9, 2010, order, ruling the provisions of that order concerning contact between the former husband and his sons were "aspirational goals" only, relying on the well-settled rule that " '[o]ne may not be held in contempt for violating something that an order does not say.' " 107 So. 3d at 1248 (quoting Keitel v. Keitel, 716 So. 2d 842, 844 (Fla. 4th DCA 1998)). Reversal in Hardman was not, on its face, predicated on a lack of subject matter jurisdiction, and reflects no consideration of the issue.

Id. at 436 n.3 (alteration in original).

In our former opinion, we reversed on the issue of damages, and the opinion of the court is not based on a lack of subject matter jurisdiction and it reflects no consideration of the issue.

Regardless, even if the law of the case doctrine applied to the issue of jurisdiction, we conclude that this case falls under an exception to the doctrine.

> [A]n appellate court should reconsider a point of law previously decided on a former appeal only as a matter of grace, and not as a matter of right; and . . . an exception to the general rule binding the parties to "the law of the case" at

the retrial and at all subsequent proceedings should not be made except in unusual circumstances and for the most cogent reasons—and always, of course, only where "manifest injustice" will result from a strict and rigid adherence to the rule.

Tiede v. Satterfield, 870 So. 2d 225, 228 (Fla. 2d DCA 2004) (alteration in original) (quoting Strazzulla v. Hendrick, 177 So. 2d 1, 4 (Fla. 1965)); see also Fla. Diversified Films, Inc. v. Simon Roofing & Sheet Metal Corp., 118 So. 3d 240, 242 (Fla. 3d DCA 2013). See generally Messinger v. Anderson, 225 U.S. 436, 444 (1912) ("[T]he phrase, 'law of the case,' as applied to the effect of previous orders on the later action of the court rendering them in the same case, merely expresses the practice of courts generally to refuse to reopen what has been decided, not a limit to their power.").

As previously observed, upon the filing of the joint stipulation of voluntary dismissal with prejudice, jurisdiction of the court was severed from its lifeline and it ceased to exist. Therefore, to institute a claim against Dandar, Scientology should necessarily be required to file a new circuit court proceeding. In response to Scientology's claim of damages, Mr. Dandar would be entitled to a trial by jury. See Art. I, §22, Fla. Const.; Fla. R. Civ. P. 1.430(a) ("The right of trial by jury as declared by the Constitution or by statute shall be preserved to the parties inviolate."). The procedure followed here denied Dandar that right. See generally Petition of Sewerage & Water Bd. of New Orleans, 278 So. 2d 81, 83 (La. 1973) ("[T]he law of the case principle is applied merely as a discretionary guide: Argument is barred where there is merely doubt as to the correctness of the former ruling, but not in cases of palpable former error or so mechanically as to accomplish manifest injustice."); United States v. Curbelo, 343 F.3d 273, 278, 279 (4th Cir. 2003) (holding in the context of criminal constitutional

- 9 -

law, the denial of the right to trial by jury would be deemed a structural error not subject to harmless error analysis and would require reversal of a judgment). Thus, the improper procedure followed in this matter by the trial court deprived Dandar of the right to a trial by jury on the issue of damages. Such errors, we conclude, constitute a manifest injustice requiring reconsideration of the jurisdiction issue, to the extent it was previously decided.

## V. CONCLUSION

We conclude that the trial court did not have jurisdiction to entertain Scientology's motion to enforce the settlement agreement and award damages after Scientology previously dismissed its cause of action with prejudice. Therefore, we reverse the final judgment and, on remand, the trial court is directed to enter an order of dismissal.

Reversed and remanded with instructions.

CASANUEVA, SLEET, and SALARIO, JJ., Concur.