# Third District Court of Appeal

## State of Florida

Opinion filed April 27, 2016.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D15-1415
Lower Tribunal No. 09-77359
_____


**U.S. Bank National Association, etc.,**
Petitioner,

vs.

**Gladys Rivera, et al.,**
Respondents.


A Case of Original Jurisdiction – Prohibition.

Burr & Forman, Nicholas S. Agnello and John R. Chiles, (Fort Lauderdale), for petitioner.

Tony Stabenow, for respondents, Gladys Rivera and Dennis Rivera.


Before WELLS, EMAS and LOGUE, JJ.

WELLS, Judge.

U.S. Bank National Association petitions this court to issue a writ prohibiting the court below from entering further orders in this now long-dismissed foreclosure action. We agree that the court below no longer enjoys jurisdiction to entertain any further motions in this matter but withhold our writ confident that the trial court will comply with this decision.

This petition arises from a foreclosure action filed in October of 2009. Purportedly unable to locate borrowers Dennis and Gladys Rivera, the Bank served them by publication. When the Riveras failed to respond, the bank secured a default and ultimately a final judgment of foreclosure against them.

The Riveras sought Chapter 13 bankruptcy protection and a scheduled foreclosure sale was cancelled. Gladys Rivera also filed a Chapter 7 bankruptcy petition. Both bankruptcy actions were quickly discharged.

In the meantime, on October 12, 2011, the Bank, citing to irregularities in the actions taken by its former counsel in prosecuting a number of foreclosure actions on its behalf, filed a rule 1.540 motion to vacate the final judgment in its favor entered in this case. See Fla. R. Civ. P. 1.540. The Riveras also sought rule 1.540 relief claiming that the final judgment was void because (1) no good faith effort had been made to locate and serve them; (2) the affidavit of due diligence was defective; (3) no non-military affidavit had been filed; (4) the affidavits in support of the judgment were insufficient; and (5) the complaint was defective

2

because it failed to properly allege standing, jurisdiction over Dennis Rivera, or that proper notice of a default had been given.[1] In conjunction with this motion, the Riveras sought to take discovery from the Bank. When the Bank failed to comply with the Riveras' discovery demands, sanctions were sought and twice imposed against the Bank.

On December 12, 2013, the Bank's earlier-filed rule 1.540 motion to vacate the final judgment was granted. The following day, the Bank sought and subsequently was granted relief from the previously entered discovery sanction orders. See U.S. Bank Nat'l Ass'n v. Rivera, 128 So. 3d 907 (Fla. 3d DCA 2013). Because the sanction orders had been quashed in part because the Riveras' fraud claim was unsupported by any sworn testimony, the Riveras filed an amended verified motion to vacate the final judgment of foreclosure. Shortly thereafter, the Bank voluntarily dismissed the foreclosure action which had already been reinstated the year before.

The Riveras thereafter sought to set aside the voluntary dismissal so that the court below could dismiss the action with prejudice for fraud on the court. The Riveras also sought to take discovery in conjunction with this latest motion. When

---

[1] The Riveras also filed a separate class action in the Eleventh Judicial Circuit, in which U.S. Bank was not named as a party, alleging that U.S. Bank's prior servicer and its counsel had committed fraud in various foreclosure actions. In that action, the Riveras alleged that "the claims in this case involve the same facts and legal issues as the claims in Case No. 09-77359 CA 27 [the instant action]."

the Bank again refused to engage in discovery, the Riveras moved to compel and for the imposition of sanctions. The Bank moved to strike the Riveras' motion to vacate the voluntary dismissal and sought to avoid sanctions claiming that because the action had been voluntarily dismissed, the court below had no jurisdiction to continue to entertain further discovery or motions. The motion to strike was denied with the trial court holding in relevant part:

> With respect to the P[etitioner]'s objection that this Court is without jurisdiction to enter discovery orders based on the notice of voluntary dismissal and order vacating the final judgment, the objection is overruled.

The Riveras' renewed motion to compel discovery and for an award of fees as a sanction was granted orally; however, no written orders have been entered.

The Bank now seeks to preclude the court below from entertaining further discovery or motions relating to this now dismissed action. Specifically, the Bank points to the trial court's order determining that it continues to enjoy jurisdiction to entertain discovery motions despite the fact that there are no grounds on which this action may be reopened. We agree because this issue has already been decided in Pino v. Bank of New York, 121 So. 3d 23 (Fla. 2013), where the Florida Supreme Court held that a trial court has neither the authority under rule 1.540 nor the inherent authority to grant relief from a voluntary dismissal where fraud on the court is alleged but no affirmative relief has been granted to the dismissing

4

plaintiff. There, the Court responded "in the negative" to the following certified question:

> DOES A TRIAL COURT HAVE JURISDICTION AND AUTHORITY UNDER RULE 1.540(B), FLA. R. CIV. P., OR UNDER ITS INHERENT AUTHORITY TO GRANT RELIEF FROM A VOLUNTARY DISMISSAL WHERE THE MOTION ALLEGES A FRAUD ON THE COURT IN THE PROCEEDINGS BUT NO AFFIRMATIVE RELIEF ON BEHALF OF THE PLAINTIFF HAS BEEN OBTAINED FROM THE COURT?

Id. at 25, 26.

In determining that no jurisdiction exists under these circumstances, the Florida Supreme Court confirmed that a rule 1.420(a)(1) voluntary dismissal is jurisdictional and serves to terminate the litigation, instantaneously divesting the lower court of jurisdiction to entertain further motions or to enter further orders that would otherwise either dispose of the case on the merits or revive the original action. Id. at 32.

As the Court in Pino recognized, a voluntary dismissal irrevocably terminates an action and because no judgment exists, rule 1.540 generally does not apply:

> The problem with the defendant's attempt to use rule 1.540(b) to have this case reinstated is found in the actual language of rule 1.540(b). While rule 1.540(b) may be used to afford relief to all litigants who can demonstrate the existence of one of the five grounds enumerated therein, including fraud, the rule is nevertheless limited in its application to '*reliev[ing]* a party or a party's legal representative from a final judgment, decree, order, or proceeding.' Fla. R. Civ. P. 1.540(b) (emphasis added).

5

<u>Pino</u>, 121 So. 3d at 35.

While a litigant may secure relief from a voluntary dismissal under rule 1.540(b) where the litigant has been subjected to some adverse impact from which the litigant needs to be relieved, no such adverse impact has been alleged or demonstrated to exist here. <u>See</u> <u>Id.</u> (stating "[w]e agree . . . that in the context of a litigant seeking relief from a plaintiff's voluntary dismissal, he or she may obtain such 'relief' only where the voluntary dismissal being challenged under rule 1.540(b) subjects the litigant to some adverse impact from which he or she must be relieved.").

In <u>Pino</u>, the defendant in a mortgage foreclosure action sought to set aside a voluntary dismissal and for entry of a dismissal with prejudice claiming fraud on the court. There, as here, the defendant alleged that the bank had engaged in fraudulent conduct in an attempt to foreclose a mortgage. But because the bank had secured no affirmative relief detrimental to the defendant, the Supreme Court concluded that rule 1.540(b) provided no authority on which the trial court could rely to either strike or disregard the notice of voluntary dismissal filed by the bank:

> In sum, to obtain the benefit of rule 1.540(b) on the basis of a plaintiff's voluntary dismissal, a defendant must suffer adverse impact as a result of the plaintiff's receipt of affirmative relief from which the defendant should be alleviated. This requirement is found in the language of the rule itself, which is limited in application to "*reliev[ing]* a party or a party's legal representative from a final judgment, decree, order, or proceeding." Fla.R.Civ.P. 1.540(b)

6

(emphasis added). In other words, the voluntary dismissal being challenged under rule 1.540(b) must subject the litigant to some adverse impact from which he or she needs relief. Applied in the context of a voluntary dismissal taken after fraudulent conduct by a plaintiff, any affirmative relief the plaintiff obtained against the defendant as a result of fraudulent conduct would clearly have an adverse impact on the defendant, thereby entitling the defendant to seek redress under rule 1.540(b)(3). On the other hand, where the alleged fraud does not lead to the plaintiff obtaining affirmative relief to the detriment of the defendant, rule 1.540(b)(3) would not be the proper vehicle for a trial court to reopen an case voluntarily dismissed by a plaintiff.

Id. at 39.

The Court also concluded that trial courts currently enjoy no inherent authority to disregard voluntary dismissals. Rejecting the reasoning of a line of "older equity cases decided by the Court during the first half of the twentieth century," the Court held that "[u]nder a plain reading of rule 1.420(a)(1), the trial court now has no authority or discretion to deny a plaintiff's service of a notice of voluntary dismissal, as the dismissal is effective upon service." Id. at 40 (citing Fla. R. Civ. P. 1.420(a)(1)).[2]

_____

[2] The Court also rejected the notion that Florida Rule of Civil Procedure 1.110(b) requiring verification of foreclosure complaints, provides a trial court with the authority to reopen a case that has been voluntarily dismissed:

While the intended purpose of the rule amendment was to give trial courts more power to sanction plaintiffs who make false allegations in mortgage foreclosure filings, it did not vest trial courts with the authority to strike a voluntary dismissal, reinstate the dismissed action, and then dismiss the action with prejudice as a consequent sanction.

7

In summary, here as in <u>Pino</u>, no basis exists to strike, set aside, or otherwise disregard the voluntary dismissal filed below. Because this action effectively was terminated upon service of the Bank's notice of voluntary dismissal, the court below was without jurisdiction to entertain the motions filed by the Riveras following the filing of that notice. We therefore quash all orders, oral or written, entered by the court below following the Bank's notice of voluntary dismissal but withhold issuance of this court's writ confident that the court below will refrain from further action in this matter.

<u>Id.</u> at 41.

The Court did, however, conclude that where a defendant has filed a section 57.105 motion before an action is dismissed and the plaintiff has either failed to withdraw the offending pleading or voluntarily dismissed the action within the 21-day safe harbor period, the defendant may file, and the trial court will have continuing jurisdiction to consider, a sanction motion. <u>Id.</u> at 41 (citing § 57.105(4), Fla. Stat. (2009)).