NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT


KRISTA CARLTON, f/k/a KRISTA LEE ZANAZZI, )
)
)
Appellant, )
)
v. )                    Case No. 2D18-603
)
VICTOR CARL ZANAZZI, )
)
Appellee. )
_____ )

Opinion filed March 6, 2019.

Appeal pursuant to Fla. R. App. P. 9.130
from the Circuit Court for Pinellas County;
Keith Meyer, Judge.

Mark F. Baseman of Felix, Felix &
Baseman, Tampa, for Appellant.

Kinnear K. Smith of Kinnear K. Smith, P.A.,
Clearwater, for Appellee.


MORRIS, Judge.

        Krista Carlton, the former wife, appeals an order granting a motion by

Victor Zanazzi, the former husband, to vacate the final judgment dissolving their

marriage.  We conclude that the trial court erred in vacating the final judgment on the

basis that it lacked jurisdiction to enter the final judgment, and we reverse.

The parties were married in 2012. In November 2015, the former wife filed a petition for dissolution of marriage in case number 15-10814-FD, and the former husband filed a counterpetition in that same case number in January 2016. The parties voluntarily dismissed their petitions in May 2016. In August 2016, the former wife filed a new petition for dissolution of marriage listing the original case number, 15-10814-FD.[1] The parties reached a marital settlement agreement and requested the trial court to enter a final judgment of dissolution in September 2016. The final judgment of dissolution listed case number 15-10814-FD. In November 2017, the former husband filed a petition for modification of the parenting plan, also listing the original case number, 15-10814FD. However, in December 2017, the former husband filed a motion to vacate the final judgment of dissolution, claiming that the trial court did not have subject matter jurisdiction to enter the final judgment in September 2016 because a voluntary dismissal had been entered in that same case number in May 2016, preventing any further action in the case.[2] The trial court agreed and granted the former husband's motion to vacate the final judgment of dissolution in February 2018.

On appeal, the former wife argues that the fact that the original case number was used for the new petition for dissolution is a purely administrative matter and that it did not divest the trial court of subject matter jurisdiction to consider the former wife's petition for dissolution filed in 2016. She further claims that her new petition for dissolution invoked the subject matter jurisdiction of the trial court and that

---

[1]At the hearing on the former husband's motion to vacate, the former wife's attorney stated that she was not sure how the new petition was filed in the same case number, whether it was the fault of her former paralegal or the clerk.

[2]It appears that at the time of the marital settlement agreement and the final judgment, the former husband was not represented by counsel. He obtained counsel to file his petition for modification and his motion to vacate.

this case is distinguishable from the cases relied upon by the former husband and trial court.

In moving to vacate the final judgment, the former husband relied on Pino v. Bank of New York, 121 So. 3d 23 (Fla. 2013), which is the principal case discussing the effect of a voluntary dismissal. In Pino, the plaintiff in a mortgage foreclosure case voluntarily dismissed the case after the defendant had asserted in the case that the plaintiff was relying on fraudulent documents. Id. at 27. Pursuant to the voluntary dismissal, the case was dismissed without prejudice, but after the plaintiff filed a new, separate action against the defendant, the defendant moved in the original case to set aside the dismissal on the basis of fraud and sought a dismissal of the original action with prejudice. Id. at 28. The supreme court considered the "specific issue" of "whether an allegation of fraud on the court empowers a trial court to reopen a lawsuit at the request of a defendant after the plaintiff has already voluntarily dismissed that suit, but where the plaintiff did not obtain any affirmative relief." Id. at 30.

In answering that question, the supreme court looked to Florida Rule of Civil Procedure 1.420, which grants a plaintiff the absolute right to file a voluntary dismissal that is effective upon service. Pino, 121 So. 3d at 31. The court went on to explain that the effect of the voluntary dismissal is jurisdictional: "The voluntary dismissal serves to terminate the litigation, to instantaneously divest the court of its jurisdiction to enter or entertain further orders that would otherwise dispose of the case on the merits, and to preclude revival of the original action." Id. at 32. The court further explained that there are two exceptions to the divesture of jurisdiction, neither of which are applicable here. See id. at 33.

Pino is relied on for the general proposition that a voluntary dismissal terminates the litigation and divests the court of jurisdiction to enter any further orders in the case. See, e.g., Dandar v. Church of Scientology Flag Serv. Org., 190 So. 3d 1100, 1102 (Fla. 2d DCA 2016); U.S. Bank Nat'l Ass'n v. Rivera, 193 So. 3d 954, 956 (Fla. 3d DCA 2016). The trial court applied these cases in granting the former husband's motion to vacate in this case. The problem is that none of the cases deal with a factual scenario similar to the one in this case, i.e., where a new pleading is filed in a dissolution context that serves to initiate new proceedings between the parties. There are cases that hold that the effect of a voluntary dismissal applies equally in dissolution cases. Kelly v. Colston, 977 So. 2d 692, 694 (Fla. 1st DCA 2008) ("This is equally true when the dismissal is taken in a dissolution action." (citing Hayden v. Hayden, 373 So. 2d 436, 438 (Fla. 3d DCA 1979))). But again, those cases involve only initial petitions for dissolution and further action relating to those petitions after voluntary dismissals were filed. None involve the filing of a new petition for dissolution.

In considering whether Pino applies to this case, we look to this court's opinion in Dandar. In Dandar, the parties to a wrongful death case reached a settlement agreement and filed a joint stipulation of voluntary dismissal pursuant to rule 1.420(a). 190 So. 3d at 1101. There was no order entered by the trial court retaining jurisdiction to enforce the settlement. The defendant then filed a motion to enforce settlement agreement in the same case, and the trial court concluded it had jurisdiction to enforce the settlement agreement based on language in the agreement. Id. at 1101-02. However, this court disagreed, holding that the filing of the voluntary dismissal in the original case divested the circuit court of jurisdiction, relying on Pino. Id. at 1102-03.

- 4 -

This court noted that the trial court would have had jurisdiction to enforce the settlement agreement if the circuit court had entered an order incorporating the agreement and dismissing the case with a reservation of jurisdiction. Id. But that did not occur. Rather, a voluntary dismissal was filed, and it served as an act of finality. Therefore, the parties could not file a motion in the original case to enforce the agreement and were limited to filing a new breach of contract action. Id. at 1103.

On one hand, Dandar is similar in that the issue of enforcement of a settlement agreement is a different issue than the one originally brought before the court in the case, i.e., the wrongful death action. That is similar to this case; the petition for dissolution in August 2016 was a new and different proceeding than the petition for dissolution filed in May 2016. On the other hand, the motion to enforce in Dandar was a continuation of the original proceeding in that it sought to enforce a settlement of the cause of action that was first brought in the original proceeding. Here, the first petition for dissolution was dismissed, and a new petition was later filed. The new petition did not reference or relate back to the original petition. In Dandar, there was only a motion to enforce and no new pleading was filed. While this case involves the use of the wrong case number for a new pleading, the same cannot be said for Dandar. For these reasons, Dandar is distinguishable from this case.

We find merit in the former wife's argument that this case involves an administrative matter of the court, not a jurisdictional one.[3] There is no dispute that the

_____

[3]The wife argues that Fitzgerald v. Fitzgerald, 790 So. 2d 1216 (Fla. 2d DCA 2001), suggests that a new petition for dissolution can be filed in the same case number as one that has already been dismissed. In Fitzgerald, this court held that the trial court must accept the voluntary dismissal of the husband's petition but noted that the wife's pending petition could be considered. But a close reading of the case

- 5 -

circuit court of Pinellas County had subject matter jurisdiction to consider the new petition for dissolution filed by the former wife in December 2016. See §§ 61.021, 61.052, Fla. Stat. (2016); Marshall v. Marshall, 988 So. 2d 644, 648 (Fla. 4th DCA 2008) ("Under the divisible divorce concept, if the trial court has subject matter jurisdiction over a marriage, pursuant to sections 61.021 and 61.052, Florida Statutes, then it can dissolve the marital relationship." (citing Orbe v. Orbe, 651 So. 2d 1295, 1297 (Fla. 5th DCA 1995))). The fact that the new petition listed a case number of a proceeding that had already been dismissed between the parties should not operate to divest the circuit court of jurisdiction over the divorce.

"The internal operation of the court system and the assignment of judges to various divisions does not limit a particular judge's jurisdiction." Malave v. Malave, 178 So. 3d 51, 54-55 (Fla. 5th DCA 2015) (quoting In re Peterson, 364 So. 2d 98, 99 (Fla. 4th DCA 1978)). When a case is filed in the wrong division, it should be transferred to the correct division. Weaver v. Hotchkiss, 972 So. 2d 1060, 1062 (Fla. 2d DCA 2008); Malave, 178 So. 3d at 54-55 (holding that "[a] circuit court . . . does not lack jurisdiction simply because a case is filed or assigned to the wrong division within the circuit court" and that circuit court had jurisdiction over ancillary petition that was improperly filed in divorce case and that should have been transferred from the family division to the civil division). The same is true of a pleading filed with a case number that the parties and circuit court should recognize is improper. The use of the original

indicates that this court was referring to a pending dissolution case filed by the wife a year after the husband voluntary dismissed his petition, thus suggesting that the wife's petition was filed in a separate proceeding. Id. at 1217-18. Thus, the case is not clear regarding the wife's pending proceeding. In addition, Fitzgerald was issued prior to Pino. Accordingly, Fitzgerald offers little guidance.

case number on a new and separate petition is more in the nature of a scrivener's error than a jurisdictional defect. See Walker v. Nolke, 614 So. 2d 655, 656-57 (Fla. 5th DCA 1993) (referring to incorrect case number used on an amended complaint and in a circuit court order as a scrivener's error that should not have resulted in a dismissal merely because amended complaint was not filed in correct case number); see also Hodges v. State, 674 So. 2d 869, 870 (Fla. 2d DCA 1996) (referring to incorrect case number on judgment and sentence as a scrivener's error). The former wife's new petition clearly sought to invoke the circuit court's jurisdiction to dissolve the parties' marriage, and the new petition should have been assigned a new case number. But neither the failure of the parties to use a new case number nor the failure of the circuit court to assign a new case number to the former wife's new petition operated to divest the circuit court of jurisdiction to consider the new petition.

We also note that prior to raising this issue in his motion to vacate, the former husband had (1) agreed to the trial court's entering the final judgment of dissolution in the original case number and (2) sought relief from the trial court by filing a petition for modification of the parenting plan in November 2017, also listing the original case number. We recognize that a party may not waive the issue of subject matter jurisdiction, see Cunningham v. Standard Guar. Ins. Co., 630 So. 2d 179, 181 (Fla. 1994), but as we have concluded, this is not a matter of subject matter jurisdiction. By agreeing to the final judgment of dissolution and by seeking affirmative relief, the former husband waived any claim that the trial court erred in entering judgment using the wrong case number. See Taylor v. Kenco Chem. & Mfg. Corp., 465 So. 2d 581, 587

- 7 -

(Fla. 1st DCA 1985) ("Waiver is the intentional or voluntary relinquishment of a known right, or conduct which infers the relinquishment of a known right.").

Because the facts of this case are distinguishable from the <u>Pino</u> line of cases and because the trial court had jurisdiction to consider a petition for dissolution of marriage filed by the former wife in August 2016, we reverse the February 2018 order vacating the final judgment entered in September 2016 and remand for proceedings consistent with this opinion.

Reversed and remanded.


KELLY and SLEET, JJ., Concur.