# SIXTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

Case No. 6D2024-0289
Lower Tribunal No. 2019-DR-005751

_____

DAVID MARCIONETTE,

Appellant,

v.

JACQUELINE MARCIONETTE a/k/a JACQUELINE WEST,

Appellee.

_____

Appeal pursuant to Fla. R. App. P. 9.130 from the Circuit Court for Orange County.
Diana M. Tennis and Barbara J. Leach, Judges.

August 29, 2025

SMITH, J.

Appellant David Marcionette appeals the trial court's denial of his 2024 motion to dissolve a domestic violence injunction entered against him. Because it appears the motion was filed in the wrong division and was erroneously denied rather than transferred, we reverse. Marcionette also attempts to appeal the trial court's 2019 order granting a temporary injunction and its 2019 order making the same permanent, as well as the trial court's 2021 order denying a previous motion to dissolve the injunction. Because those orders were issued more than thirty days prior to Marcionette's notice of appeal, this appeal is dismissed for lack of jurisdiction as to

those orders. *See* Fla. R. App. P. 9.130(b) ("Jurisdiction of the court . . . shall be invoked by filing a notice with the clerk of the lower tribunal within 30 days of rendition of the order to be reviewed.").

In 2019, Marcionette's wife successfully filed for a permanent domestic violence injunction against Marcionette. Marcionette claims that in 2021, he moved to have the injunction dissolved and was denied. Later that year, he was arrested for aggravated stalking in violation of the injunction. He was convicted in 2023.

On January 24, 2024, Marcionette filed a second motion to have the injunction dissolved, which the trial court denied the next day. The trial court cited lack of jurisdiction as its reason for denial, asserting "this court has no jurisdiction over any domestic violence injunction in another case." The case number listed on the order granting the injunction in 2019 was 48-2019-DR-005751-O, division 45; the case number listed on the order denying Marcionette's 2024 motion was 2019-DR-005751-O, division 38. This appeal followed.

We review the trial court's ruling on a motion to dissolve an injunction for abuse of discretion if the order is based on factual matters, and de novo if based on legal matters. *Bak v. Bak*, 332 So. 3d 1122, 1124 (Fla. 4th DCA 2022) (quoting *Burtoff v. Tauber*, 85 So. 3d 1182, 1183 (Fla. 4th DCA 2012)).

Here, it appears Marcionette filed his motion in the wrong division. "All circuit court judges have the same jurisdiction within their respective circuits." *Malave v. Malave*, 178 So. 3d 51, 54 (Fla. 5th DCA 2015) (quoting *In Int. of Peterson*, 364 So.

2

2d 98, 99 (Fla. 4th DCA 1978)).  Therefore, a motion improperly filed in the wrong division should be transferred rather than denied.  *Chickering v. Bawa*, 360 So. 3d 424, 426 (Fla. 4th DCA 2023) ("When a case is filed in the wrong division, the proper remedy is to transfer the case to the appropriate division." (citing Golden v. Jones, 194 So. 3d 1060, 1063 (Fla. 4th DCA 2016))); *Carlton v. Zanazzi*, 266 So. 3d 243, 247 (Fla. 2d DCA 2019) (finding that a petition with the improper case number on it should have been transferred, because "[t]he use of the original case number on a new and separate petition is more in the nature of a scrivener's error than a jurisdictional defect"); *Woods v. State*, 294 So. 3d 423, 424 (Fla. 5th DCA 2020) (remanding a case for resolution on the merits where a pro se motion for postconviction relief referenced the wrong case number and "[t]he postconviction court could have easily noted Woods's scrivener's error and transferred the motion into the correct file.").

The trial court erred in denying Marcionette's motion rather than transferring it. We reverse and remand for transfer to the appropriate division.

DISMISSED in part; REVERSED in part; and REMANDED with instructions.

STARGEL and MIZE, JJ., concur.

David Marcionette, Seminole, pro se.

No Appearance for Appellee.

NOT FINAL UNTIL TIME EXPIRES TO FILE MOTION FOR REHEARING
AND DISPOSITION THEREOF IF TIMELY FILED